**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KANE BIOTECH, INC., )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>NESTEC, LTD., aka NESTEC, S.A.; )<br>and NESTLE PURINA PETCARE )<br>GLOBAL RESOURCES, INC., )<br> )<br>    Defendants. ) | Case No. 4:18-cv-314<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF KANE BIOTECH'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL**

Plaintiff Kane Biotech, Inc. ("Kane"), by and through counsel and pursuant to Local Rule 13.05, hereby moves the Court for an Order allowing Kane to file under seal the Complaint and Exhibits A– J, thereto.

In *Wood v. Robert Bosch Tool Corporation*, No. 4:13cv01888 PLC, 2016 WL 7013034, at *5 (EDMO Nov. 30, 2016), this Court stated:

> There is a judicially-recognized 'general right to inspect and copy public records and documents, including judicial records and documents. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted).  This common-law right of access is not absolute. Id.  Rather, '[e]very court has supervisory power over its own records and files, 'and may exercise its discretion to ascertain whether material is protected from the common-law right of access under the 'relevant facts and circumstances of the particular case.' Id. at 598–99.  In Nixon, the Supreme Court held that, although the common-law right of access applied, it did not support release of White House tape recordings 'from the custody of the District Court,' because an alternative means of public access to the recordings was available through the Presidential Recordings and Materials Preservation Act, 44 U.S.C. Section 2101, et seq. Nixon, 435 U.S. at 599, 606–08 and 607 n.18.
>
> The Court of Appeals for the Eighth Circuit has acknowledged a common-law right of access in a civil proceeding. Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376–77 (8th Cir. 1990).  However, the Eighth Circuit defers

>to the trial court rather than adopting an approach that recognizes a ''strong presumption' favoring access.' Id. at 1376 (quoting United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986)).  In exercising its discretion regarding the sealing of judicial records, a court balances 'the interests served by the common-law right of access ... against the salutary interests served by maintaining confidentiality of the information sought to be sealed.' IDT Corp., 709 F.3d at 1223.  The common-law right of access serves such interests as 'bolster[ing] public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, 'allowing citizens ''to keep a watchful eye on the workings of public agencies,' 'and 'provid[ing] a measure of accountability to the public at large, which pays for the courts.' Id. at 1222 (quoting Nixon, 435 U.S. at 598) (other citations omitted).  Importantly, as the Supreme Court recognized, 'courts have refused to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing.' Nixon, 435 U.S. at 598.

In keeping with the right to protect sensitive, confidential information, Local Rule 83-13.05 states "upon a showing of good cause the court may order that documents filed in a civil case be received and maintained by the Clerk under seal."  Further, the exception to the public right of access is recognized in the Federal Rules of Civil Procedure, which provide for the entry of a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

Accordingly, Kane requests that the Court permit it to file the Complaint, and Exhibits A– J thereto, under seal because these documents contain extensive non-public, confidential, competitively sensitive business information of Plaintiff and Defendants which could potentially harm the businesses of Plaintiff and/or Defendants if made available to the public, and because these documents reflect information subject to contractual obligations which restrict its public disclosure.

Dated: 26th day of February, 2018.	Respectfully submitted,

HARNESS, DICKEY & PIERCE, P.L.C.

By:   /s/ Douglas A. Robinson
　　　Douglas A. Robinson, EDMO No. 58304MO
　　　drobinson@hdp.com
　　　7700 Bonhomme Avenue, Suite 400
　　　St. Louis, MO 63105
　　　Telephone: 314-726-7500
　　　Facsimile:  314-726-7501

　　　WALDMAN BARNETT, P.L.
　　　Glen H. Waldman, Esq.
　　　Fla. Bar No. 618624
　　　gwaldman@waldmanbarnett.com
　　　Michael A. Sayre, Esq.
　　　Fla. Bar No. 17607
　　　msayre@waldmanbarnett.com
　　　Michael A. Azre, Esq.
　　　Fla. Bar. No. 83522
　　　mazre@waldmanbarnett.com
　　　Benjamin L. Keime, Esq.
　　　Fla. Bar. No. 118752
　　　bkeime@waldmanbarnett.com
　　　litservice@waldmanbarnett.com
　　　3250 Mary Street, Suite 102
　　　Coconut Grove, Florida 33133
　　　Telephone:  (305) 371-8809
　　　Telecopier:  (305) 448-4155
　　　*Pro Hac Vice to be Filed*

　　　*Counsel for Plaintiff Kane Biotech, Inc.*